**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 20-4504**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS JAY DAVIS, a/k/a Sticcs,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Michael F. Urbanski, Chief District Judge.  (4:18-cr-00011-MFU-RSB-1)

---

Submitted:  April 16, 2024                                      Decided:  April 23, 2024

---

Before KING, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Anthony F. Anderson, ANDERSON LEGAL, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Laura Day (Rottenborn) Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Marcus Jay Davis was convicted of being a member of a criminal organization, the Rollin 60s Crips gang, that engaged in murder, assault, and the trafficking of controlled substances in Danville, Virginia, in violation of 18 U.S.C. §§ 1962(d), 1963, use of a firearm during a crime of violence, murder, in aid of racketeering, in violation of 18 U.S.C. § 924(j), violent crime, attempted murder, in aid of racketeering and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1959(a)(5), 2, and use of a firearm during a crime of violence, attempted murder, in aid of racketeering, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). We affirm.

Davis asserts that the district court erred in instructing the jury on the *Pinkerton**[*]* doctrine of liability. He does not claim that the evidence did not support application of the doctrine or that the court erred by misstating the doctrine. Rather, he asserts that the doctrine is no longer viable in light of the Supreme Court's decisions in *Rosemond v. United States*, 572 U.S. 65 (2014), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We recently reaffirmed the validity of the *Pinkerton* doctrine and Davis provides no reason to revisit it. *See United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022).

Davis also asserts that the district court erred in denying his request that the jury be given a withdrawal instruction. "[A] defendant's membership in a conspiracy is presumed to continue until he withdraws from the conspiracy by affirmative action. A withdrawal must be shown by evidence that the defendant acted to defeat or disavow the purposes of

---

[*] *Pinkerton v. United States*, 328 U.S. 640 (1946).

2

the conspiracy." *United States v. Bush*, 944 F.3d 189, 196 (4th Cir. 2019) (citation and internal quotation marks omitted). "Withdrawal terminates the defendant's liability for postwithdrawal acts of his co-conspirators, but he remains guilty of conspiracy." *Smith v. United States*, 568 U.S. 106, 111 (2013). Davis bears the burden of proving that he withdrew from a conspiracy. *United States v. Walker*, 796 F.2d 43, 49 (4th Cir. 1986). "Mere cessation of activity in furtherance of the conspiracy is insufficient. The defendant must point to affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators." *United States v. Shephard*, 892 F.3d 666, 673 (4th Cir. 2018) (citation and internal quotation marks omitted). We agree with the district court that there was no evidence that Davis withdrew from the conspiracy prior to the murder and attempted murder and we conclude that the denial of the instruction was not an abuse of discretion. *United States v. Spirito*, 36 F.4th 191, 209 (4th Cir. 2022) (stating standard or review).

While this appeal was pending, Davis submitted notice pursuant to Fed. R. App. P. 28(j) and asserted that his conviction for using a firearm during a crime of violence, Virginia attempted murder (Count 13), was called into question by the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022) (holding that attempted Hobbs Act robbery is not a crime of violence). We ordered supplemental briefing on the issue and then placed this appeal in abeyance for *United States v. Lassiter*, 96 F.4th 629 (4th Cir. 2024) (holding that a violent crime in aid of racketeering, attempted murder, premised on Virginia attempted murder, was a crime of violence under 18 U.S.C. § 924(c)(1)(A), (c)(3)(A)). Now that *Lassiter* has issued and the supplemental briefs filed,

3

the issue is ripe for our consideration. Davis' assertion that Virginia attempted murder is not a crime of violence is foreclosed by this court's decision in *Lassiter*. Davis' conviction for using a firearm during a crime of violence, attempted murder, remains valid.

Accordingly, we affirm the amended judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*